IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YAKAR TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DAS COMPANIES, INC.,<br><br>    Defendant | Civil Action No. 2:25-cv-00508<br><br><br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Yakar Technologies, LLC ("Yaker" or "Plaintiff"), files this Original Complaint for Patent Infringement and demand for jury trial seeking relief from patent infringement by DAS Companies, Inc. ("DAS") for infringement of the claims of U.S. Patent No. 11,034,309 ("the '309 patent") and U.S. Patent No. 9,845,058 ("the '058 patent") (the "Patents-in-Suit"), and would respectfully show the Court as follows:

**I.    PARTIES**

1. Plaintiff is a Texas Limited Liability Company, with its principal place of business located in Texas.

2. On information and belief, DAS Companies, Inc. ("DAS") is a corporation organized under the laws of the State of Delaware with a principal place of business located at 3700 W 1987 S, Salt Lake City, UT 84104.[1] DAS may be served with process at its place of business, at its registered agent Corporation Service Company 15 West South Temple, Suite 600, Salt Lake City, UT, 84101 or anywhere else it may be found.

---

[1] https://www.dasinc.com/core-commitments/proprietary-brands/mobilespec

1

3. On information and belief, DAS directly and/or indirectly exports, uses, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Utah, and otherwise directs infringing activities to this District in connection with its products and services.

## II.     JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the District of Utah has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the district giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Utah.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Utah.

7. Defendant has committed acts of infringing the Patents-in-suit within this District and the State of Utah by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Utah, products claimed by the Patents-in-suit, including without limitation products made by practicing the claimed methods of the Patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Utah. Defendant regularly conducts and solicits business in, engages in other

persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Utah.

8. Personal jurisdiction exists over DAS because DAS has minimum contacts with this forum as a result of business regularly conducted within the State of Utah and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Utah and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the District of Utah that Defendant knew would be used within this District, and by soliciting business from the residents of the District of Utah. For example, DAS is subject to personal jurisdiction in this Court because, *inter alia*, DAS directly and through agents regularly does, solicits, and transacts business in the District of Utah, and maintains a principal place of business at 3700 W 1987 S, Salt Lake City, UT 84104. Accordingly, this Court's jurisdiction over the DAS comports with the constitutional standards of fair play and substantial justice and arises directly from the DAS's purposeful minimum contacts with the State of Utah.

9. This Court also has personal jurisdiction over DAS, because in addition to DAS's own online website and advertising with this District (https://www.roadprobrands.com/products/mobile-electronics/universal-cradle-and-magnet-cupholder-mount), DAS has also made its products available within this judicial district and advertised to residents within this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information

and belief, DAS has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, DAS has regular and established places of business throughout this District, including at least at 3700 W 1987 S, Salt Lake City, UT 84104.

### III.   THE PATENTS-IN-SUIT

12.   On June 15, 2021, United States Patent No. 11,034,309 ("the '309 patent"), entitled "Heavy Duty Magnet Mount" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '309 patent is attached hereto as **Exhibit A**. Yakar owns the '309 by assignment.  The '309 patent generally relates to further mounts for an electronic device includes a ferromagnetic element securable to the electronic device, and a mount body including a face plate and at least one leg, the magnet secured in the face plate, and the at least one leg movable from a stored position to a support position.

13.   On December 19, 2017, United States Patent No. 9,845,058 ("the '058 patent"), entitled "Heavy Duty Magnet Mount" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '058 patent is attached hereto as **Exhibit D**. Yakar owns the '058 by assignment.  The '058 patent generally relates to mounts for an electronic device includes a ferromagnetic element securable to the electronic device , and a mount body including a face plate and at least one leg , the magnet secured in the face plate , and the at least one leg movable from a stored position to a support position.

14.   The '309 patent and the '058 patent are referred to herein as the "Patents-in-Suit."

15.   Yakar is the owner of the entire right, title, and interest in and to the Patents-in-Suit. The Patents-in-Suit are presumed valid under 35 U.S.C. § 282.

### IV.   ACCUSED INSTRUMENTALITIES

16. The term "Accused Instrumentalities," "Accused Products" and "Accused Methods" refers to, by way of example and without limitation, DAS's Phone Accessories as provided at https://www.roadprobrands.com/products/mobile-electronics/universal-cradle-and-magnet-cupholder-mount and related methods of use, as more fully shown in Exhibits B, C, E and F.

V.  **COUNT I - PATENT INFRINGEMENT OF THE '309 PATENT**

17. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing mounting devices that infringes one or more of claims of the '309 patent, including one or more of claims 1-9, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

19. Support for the allegations of infringement may be found in the preliminary exemplary claim charts attached as Exhibits B and C. These allegations of infringement are preliminary and are therefore subject to change.

20. Defendant has and continues to induce infringement. Defendant have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA) such as to cause infringement of one or more of claims 1-9 of the '309

patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '309 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

21. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA at DAS.com through its website (and related web sites) and product instruction manuals) such as to cause infringement of one or more of claims 1-9 of the '309 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '309 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint. The only reasonable use for the infringing products and services is an infringing use, and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant' websites, such as https://www.roadprobrands.com/products/mobile-electronics/universal-cradle-and-magnet-cupholder-mount. Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

22. On information and belief, Defendant made no attempt to design around the claims of the '309 patent.

23. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '309 patent were invalid.

24. On information and belief, Defendant' Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of Utah, including in this District.

25. Yakar has been damaged as the result of Defendant' infringement.

## VI. COUNT II - PATENT INFRINGEMENT OF THE '058 PATENT

26. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

27. Defendant directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing mounting devices that infringes one or more of claims of the '058 patent, including one or more of claims 1-10, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '058 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

28. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibits E and F. These allegations of infringement are preliminary and are therefore subject to change.

29. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA) such as to cause infringement of one or more of claims 1-10 of the '058 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '058

patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

30. Defendants have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA at https://www.roadprobrands.com/products/mobile-electronics/universal-cradle-and-magnet-cupholder-mount through its website (and related web sites) and product instruction manuals) such as to cause infringement of one or more of claims 1-10 of the '058 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '058 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint. The only reasonable use for the infringing products and services is an infringing use, and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's websites, such as https://www.roadprobrands.com/products/mobile-electronics/universal-cradle-and-magnet-cupholder-mount. Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

31. On information and belief, Defendant made no attempt to design around the claims of the '058 patent.

32. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '058 patent were invalid.

33. On information and belief, Defendants' Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

34. Yakar has been damaged as the result of Defendant's infringement.

### VII. CONDITIONS PRECEDENT

35. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

36. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

37. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has

substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

38. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

39. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

40. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

**VIII.  JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yakar respectfully requests the following relief:

a. enter judgment that Defendant have infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant' infringement of the Patents-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the Patents-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

       adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.     award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

By: _____

Utah Bar No. 10901

William P. Ramey, III
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Yakar Technologies, LLC***