# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| YAKAR TECHNOLOGIES, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DAS COMPANIES, INC.,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00508-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

**INTRODUCTION**[1]

Plaintiff Yakar Technologies, LLC ("Yakar") filed its complaint in this case on June 24, 2025, alleging that Defendant DAS Companies, Inc. ("DAS") infringed on U.S. Patent Nos. 9,845,058 ("'058 Patent") and 11,034,309 ("'309 Patent").[2] DAS filed its answer and counterclaims on July 21, 2025.[3] Yakar answered DAS's counterclaims on August 1, 2025.[4]

On October 17, 2025, DAS filed an ex parte request for reexamination of the '058 Patent with the United States Patent and Trademark Office ("USPTO"). The USPTO issued an Electronic Acknowledgment Receipt for DAS's request the same day.[5]

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 11.

[2] ECF No. 1.

[3] ECF No. 8.

[4] ECF No. 15.

[5] ECF No. 25-1.

DAS has also prepared an ex parte request for reexamination of the '309 Patent[6] but was unable to file it because, prior to the filing of Yakar's complaint, the USPTO identified the '309 Patent as expired for nonpayment of maintenance fees by the patent owner.[7] Yakar filed a petition to revive the '309 Patent, but the USPTO dismissed that petition on October 21, 2025.[8] Yakar filed a second petition to revive the '309 Patent on October 29, 2025.[9] DAS asserts that, in the event Yakar successfully revives the '309 Patent, DAS will promptly file its ex parte request for reexamination of that patent.

DAS now moves to stay this case pending completion of the reexamination proceedings before the USPTO.[10] Yakar opposed DAS's motion.[11] DAS replied, noting, among other things, that the USPTO has granted a third party's request for reexamination of the '058 Patent.[12]

## ANALYSIS

The court grants DAS's motion to stay this case pending completion of the reexamination proceedings before the USPTO. "The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the [USPTO]'s reexamination of a patent by

---

[6] ECF No. 25-2.

[7] Because the USPTO has identified the '309 Patent as expired, DAS cannot submit its ex parte request for reexamination for that patent. 37 C.F.R. § 1.510(a) (providing that an ex parte request for reexamination of a patent may be filed "during the period of enforceability" of the patent).

[8] ECF No. 25-3.

[9] ECF No. 25-4.

[10] ECF No. 25.

[11] ECF No. 26.

[12] ECF No. 27 at 3; *see also* ECF No. 27-1; ECF No. 27-2.

that Office."[13] Further, "[c]ourts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'"[14] There are

> three factors courts routinely employ in determining whether to stay a patent infringement action pending reexamination: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.[15]

As shown below, each factor weighs in favor of granting DAS's motion.

Under the first factor, a stay will simplify the issues in this case. "[C]ourts have recognized that the reexamination process is beneficial in the 'simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'"[16] Here, the USPTO has already granted a third party's ex parte request for reexamination of the '058 Patent, which demonstrates that there is a question of patentability affecting each claim of the '058 Patent and shows a strong likelihood that DAS's ex

---

[13] *Larson Archery Co. v. Mathews, Inc.*, No. 1:11-CV-126 TS, 2013 WL 139472, at *1 (D. Utah Jan. 10, 2013) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, . . . including the authority to order a stay pending conclusion of a [USPTO] reexamination." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Control Laser Corp.*, 705 F.2d at 1342)).

[14] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, No. 2:08CV879DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009) (quoting *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

[15] *Id.* at *1 (citing *In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

[16] *Id.* (quoting *Ethicon, Inc.*, 849 F.2d at 1428).

parte request for reexamination of the '058 Patent will be granted. The USPTO's analysis in the reexamination proceedings will inform the court about the scope of infringement and claim construction for the '058 Patent. Thus, a stay pending completion of those reexamination proceedings will simplify the issues in this case concerning the '058 Patent.

With respect to the '309 Patent, Yakar concedes that patent was expired prior to Yakar initiating this case and that the USPTO denied Yakar's first petition to revive that patent. Further, Yakar admits that it has filed a second petition to revive the '309 Patent that has not yet been decided by the USPTO. If that second petition is denied, the '309 Patent will remain expired and unenforceable and, consequently, cannot form the basis for Yakar's claims of patent infringement. If the second petition is granted, DAS asserts that it will promptly file its ex parte request for reexamination of the '309 Patent. Thus, regardless of the outcome of the second petition, a stay will help simplify the issues in this case relative to the '309 Patent. Accordingly, the first factor weighs in favor of a stay.

As to the second factor, this case is in its relative infancy. DAS asserts—and Plaintiff does not contest—that the parties have engaged in very little written discovery, no depositions have been taken, no claim construction briefing is scheduled, and no trial date has been set. Therefore, this factor likewise weighs in favor of a stay.

Considering the third factor, a stay would not impose undue prejudice on or present a clear tactical disadvantage to Yakar. Although there may be some resulting prejudice to Yakar by imposing a stay, "[c]ourts have found that the 'delay inherent in the reexamination process does

not constitute, by itself, undue prejudice.'"[17] Additionally, Yakar has not moved for injunctive relief in this case, which undercuts any of its arguments about prejudice. Indeed, "'[m]any courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.'"[18] Thus, Yakar's "'prior lack of urgency in this matter belies [any] insistence that the litigation move forward with all dispatch now.'"[19]

A stay would also not present any clear tactical disadvantage to Yakar. Yakar contends that a stay confers a tactical advantage upon DAS because "[c]ontinued infringement erodes Yakar's ability to license" the '058 Patent and the '309 Patent "and allows DAS to profit from" those patents.[20] However, Yakar has not sought injunctive relief and fails to argue that an award of monetary damages would be insufficient to make it whole, both of which undermine its argument about any clear tactical disadvantage.[21] Accordingly, the third factor weighs in favor of a stay.

---

[17] *Id*. at *2 (quoting *SKF Condition Monitoring, Inc. v. SAT Corp.*, No. 07CV1116BTMNLS, 2008 WL 706851, at *6 (S.D. Cal. Feb. 27, 2008)).

[18] *ClearPlay v. Dish Network LLC*, No. 2:14-CV-00191-DN-CMR, 2021 WL 2515008, at *2 (D. Utah June 18, 2021) (quoting *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013)) (alteration in original).

[19] *Id*. (quoting *Zillow, Inc.*, 2013 WL 5530573, at *7) (alteration in original).

[20] ECF No. 26 at 4.

[21] *See, e.g.*, *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-CV-700 JLS (NLS), 2016 WL 5107678, at *6 (S.D. Cal. Mar. 29, 2016) (concluding that there was no clear tactical disadvantage to the plaintiff because, among other reasons, the plaintiff's "failure to seek preliminary injunctive relief undercut[s] [its] argument that [it] cannot be made whole by monetary damages").

## ORDER

For the reasons stated above, all three factors weigh in favor of staying this case pending completion of the reexamination proceedings before the USPTO. Therefore, the court HEREBY ORDERS:

1. DAS's motion to stay[22] is GRANTED.

2. This case is STAYED pending completion of the reexamination proceedings before the USPTO.

3. The parties must file a joint status report within 14 days of completion of those proceedings that informs the court of the status of this case and their intentions to proceed.

IT IS SO ORDERED.

DATED this 27th day of January 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[22] ECF No. 25.